

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,239-01

### EX PARTE BRAD ANTHONY SMITH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2009CR10882-W1 IN THE 226TH DISTRICT COURT
## FROM BEXAR COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to twenty years' imprisonment.

Applicant contends that his trial counsel rendered ineffective assistance by failing to file a notice of appeal. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988).

The trial court has determined that trial counsel's performance was deficient in that counsel failed to properly discuss an appeal with Applicant and failed to file a notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction

in Cause No. 2009CR10882 from the 226ᵗʰ District Court of Bexar County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 9, 2013
Do not publish